**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

VB SPINE LLC,

Plaintiff,

v. No. 2:26-cv-02572-GBW-JHR

THREE CROSSES REGIONAL
HOSPITAL, LLC,

Defendant.

**ORDER TO CURE OR SHOW CAUSE**

THIS MATTER is before the Court *sua sponte* on a review of the record. This Court has an independent obligation to determine whether it has subject matter jurisdiction over a civil action, even in the absence of a party's challenge. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1013 (10th Cir. 2018); *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Having considered the record and the relevant law, the Court concludes that Plaintiff's complaint fails to adequately assert or evidence a basis for subject matter jurisdiction. Relatedly, the Court concludes that Defendant has not complied with Federal Rule of Civil Procedure 7.1. The Court will direct the parties to address these deficiencies as explained below.

In its complaint, Plaintiff alleges that "[t]his Court has subject matter jurisdiction over this lawsuit because [Plaintiff's] claims exceed $75,000 and the parties are citizens of different states." (Doc. 1 at 1 ¶ 3.) In other words, Plaintiff claims that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a), which provides that federal courts have subject matter jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 … and is between … citizens of different States[.]"28 U.S.C. § 1332(a)(1).

In support of its claim of diverse citizenship, Plaintiff alleges that it takes its citizenship from the domiciles of three natural persons who are the members of the limited liability company by which it is wholly owned, and that it is thus a citizen of Florida, Connecticut and New York. (Doc. 1 at 1 ¶ 1.) Plaintiff then alleges that Defendant "is a New Mexico healthcare provider" and has its "principal place of business" and "conducts business" in New Mexico. (*Id.* at 1 ¶ 2.)

Plaintiff's allegations regarding Defendant are inadequate to support diversity jurisdiction. While "a corporation is a citizen of its state of incorporation and the state where its principal place of business is located," *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015), a limited liability company "takes the citizenship of all its members" for purposes of determining diversity jurisdiction. *Spring Creek*, 887 F.3d at 1014. Moreover, if any member of a limited liability company is itself a limited liability company, then the party seeking to invoke diversity jurisdiction "must identify that unincorporated entity's members and those members' citizenship, tracing through however many layers necessary to reach either a corporation or a natural person." *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1009 (10th Cir. 2025) (quotation marks omitted).

Here, Plaintiff identifies Defendant as an "LLC," that is, a limited liability company. (Doc. 1 at 1.) Defendant therefore takes its citizenship from the citizenship of all its members. *Spring Creek*, 887 F.3d at 1014. Yet in its complaint, Plaintiff fails to identify the citizenship of any of Defendant's members. (*See generally* Doc. 1.) Absent such information, the Court cannot ascertain whether diversity jurisdiction exists.

Compounding this problem, Defendant has not complied with Federal Rule of Civil Procedure 7.1, which provides that,

> [i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party … must, unless the court orders otherwise, file a disclosure statement. The

> statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party[.]

Fed. R. Civ. P. 7.1(a)(2). A party must file the required statement "with its first appearance, pleading, petition, motion, response, or other request addressed to the court[.]" Fed. R. Civ. P. 7.1(b)(1).

Because Plaintiff brought this case under Section 1332(a), Rule 7.1 required each party to file a citizenship disclosure statement with its first pleading. Fed. R. Civ. P. 7.1(a)(2), (b)(1). Yet though Defendant filed its answer on August 19, 2026, it has not filed a statement pursuant to Rule 7.1 or otherwise disclosed its citizenship.[1] (*See generally* Doc. 7.) In sum, neither party has adequately identified Defendant's citizenship, and the Court cannot determine whether it has diversity jurisdiction over the case.

IT IS THEREFORE ORDERED as follows: (1) by **Tuesday, September 8, 2026**, Defendant shall file a citizenship disclosure statement in compliance with Rule 7.1; and (2) by **Tuesday, September 15, 2026**, Plaintiff shall either: (a) file a written response to this Order in which it shall show cause why the Court should not dismiss this matter for lack of subject matter jurisdiction; or (2) file an amended complaint that alleges facts sufficient to sustain subject matter jurisdiction. The Court cautions the parties that if they fail to timely comply with this Order, it may impose appropriate sanctions up to and including dismissal of this matter without prejudice.

IT IS SO ORDERED.

HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

[1] Although Plaintiff has not filed a separate citizenship disclosure statement, it has adequately identified its citizenship in its complaint. (Doc. 1 at 1 ¶ 1.)